IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-cr-00030-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID SCOTT,

    Defendant.

**ORDER ON DEFENDANT'S MOTION TO REFER CASE TO MAGISTRATE JUDGE MICHAEL E. HEGARTY TO RECONSIDER MOTION FOR BOND**

**Michael E. Hegarty, United States Magistrate Judge**.

    Defendant was originally released on bond on February 11, 2015 with the acquiescence of the Government. Docket ##14, 16-17. On April 15, 2015, the Government submitted a document titled "Government's Appeal to the Defendant's Release Order" (docket #31) which was, in substance, a motion for redetermination based on recent evidence of potential risk to the community that the Government had obtained. After an April 24, 2015 hearing on that motion, I remanded the Defendant for the reasons contained in my Order of April 24, 2015 (docket #37). That Order was based in part on scientific ballistic evidence from the National Integrated Ballistic Information Network (NIBIN) database into which law enforcement officials place data concerning marks left on bullet casings at crime scenes. In short, this type of technology takes digital images of cartridge cases from crime scenes (the theory being that each gun leaves a distinctive mark on a shell casing when the firing pin strikes it, akin to a fingerprint linking the shell to a particular firearm and no other).

The Government presented evidence that linked the Defendant (through physical evidence and through eye-witness descriptions at crime scenes) to four crimes with one particular gun, and three other crimes with a different gun. This was the first instance in which both the Court and defense counsel dealt with such technology. Understandably, defense counsel was not prepared to address the Government's technology and requested permission to re-visit the issue, which I granted. The current Motion to Refer Case to Magistrate Judge Michael E. Hegarty to Reconsider Motion for Bond seeks to attack the credibility of the Government's use of NIBIN information. The Government has filed a response.

I do not believe the Defendant's motion provides sufficient grounds for reconsidering the April 24, 2015 Order of Detention. While the Motion calls into question the authority of NIBIN technology, it does not fundamentally undermine it nor come close to establishing it as junk science. It is an evolving field, but for purposes of the issue of detention, I would have issued the same order even without the NIBIN evidence. The Government presented sufficient other evidence of Defendant's connection to several gun crimes to satisfy their burden of establishing a risk to the community by clear and convincing evidence when considering both the evidence presented on April 24, 2015 and the Pretrial Services Report.

For this reason, the Motion to Refer Case to Magistrate Judge Michael E. Hegarty to Reconsider Motion for Bond [filed May 11, 2015; docket #38] is **denied.**

SO ORDERED.

DATED and ENTERED this 26th day of May, 2015, in Denver, Colorado.

By the Court:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge